MT. ST. MARY'S TRAINING SCHOOL FOR GIRLS *v.*
HARRIGAN.

(Decided December 15, 1930.)

*Messrs. Kunkel & Kunkel,* for plaintiff in error.
*Mr. Wm. K. Divers,* for defendant in error.

Ross, J.   This case came into this court on error
from the court of common pleas of Hamilton county,
wherein judgment was rendered in favor of the de-
fendant in error, Daniel Harrigan.

Harrigan having recovered judgment against Wil-
liam E. Lucas commenced garnishment proceedings
against him in the municipal court of Cincinnati.
The plaintiff in error being made garnishee, and
refusing to obey two garnishee orders made against
it, was sued directly, under the provisions of Sec-
tion 10276, General Code, and the municipal court
rendered judgment against it, which was affirmed
by the court of common pleas.   Error is now prose-
cuted to this court.

The matter was tried upon the following agreed
statement of facts which was incorporated in a bill
of exceptions in the municipal court:

"That the defendant garnishee has in its employ
one William E. Lucas and that said William E.

Lucas has been in the defendant's employ for some length of time; that the only compensation that the said William E. Lucas receives for such services rendered is board and lodging for himself and his family; that no money is ever paid the said William E. Lucas, the said afore-mentioned person being required to receive his supply of food from the general supply of food the defendant garnishee uses in its corporate and, charitable operations; that the estimated and approximate reasonable value of said foods so furnished is in the neighborhood of one hundred and ten ($110.00) Dollars per month; and that there is no money owing the said William E. Lucas from the defendant the Mount St. Mary's Training School for Girls."

The effect of the orders of the court is to deprive the employe and his family of one-tenth of their food or board each month. On three days in the month they would receive no food, no meals, or board, the estimated value of which was ordered paid to the garnisher.

The employe merely had a contractual claim upon the school for meals, food, and board for himself and his family. Such right or claim is not included within the meaning of the word "property" as used in the garnishment sections (Section 10265 et seq., General Code).

We see no beneficial result in extending this opinion by developing the manifest absurdities which would result from a contrary holding.

The judgment will be reversed, and judgment will be entered here in favor of the plaintiff in error.

*Judgment for plaintiff in error.*

HAMILTON J., concurs.